# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DWAYNE SAVAGE, YAVETTE WOODS, )
PHYLLIS KNIGHT, DONNA BANKSTON, )
ANGELA PICKENS, SANDRA MINTER, )
ROCHELLE SAMS, MARGARET BEAL, )
BENJAMIN PHIPPS, )
CHARMIN McCULLOUGH, )
MICHELLE KNIGHT, )
AZALIA BEARD, and ROBERT STEELE, )
on behalf of themselves and other similarly )
situated employees, )
)
          Plaintiffs, )   06 C 1407
)
v. )   Wayne R. Andersen
)   District Judge
CHICAGO TRANSIT AUTHORITY )
)
          Defendant. )

## MEMORANDUM, OPINION AND ORDER

Plaintiff Robert Steele and other similarly situated employees filed this lawsuit against the Chicago Transit Authority ("CTA") for alleged violations of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. The CTA filed a motion to dismiss the claims of plaintiff Robert Steele pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Mr. Steele was not an eligible employee under the definition set forth in the FMLA. The CTA claims that Mr. Steele had not worked the sufficient number of hours to be considered an eligible employee. Mr. Steele claims that he was prevented from working sufficient hours because he had been wrongfully discharged. We find that, when calculating whether an employee has worked the requisite amount of hours to be an eligible employee for leave under the FMLA, an employee who was wrongfully discharged, then reinstated and awarded back pay

should be credited with those hours that the arbitrator ordered to be repaid. Thus, the CTA's motion to dismiss is denied.

## BACKGROUND

For the purposes of this motion, the court accepts the allegations in the plaintiff's first amended complaint as true. On October 11, 2003, Mr. Steele was indefinitely suspended by the CTA and eventually discharged on February 10, 2005. The Amalgamated Transit Union Local 241 ("ATU Local 241") is the collective bargaining representative for bus operators employed by the CTA. Pursuant to its collective bargaining responsibilities, ATU Local 241 filed a grievance contesting the CTA's discharge of Mr. Steele, which was heard before an arbitrator. On October 4, 2005, the arbitrator ruled that the CTA had no cause for the discharge of Mr. Steele and ordered that Mr. Steele be reinstated to his former position with full back pay. The CTA reimbursed Mr. Steele for the pay he would have earned during the period he was discharged, less interim earnings earned by Mr. Steele. On November 18, 2005, Mr. Steele returned to his former position as a bus operator.

In April of 2006, Mr. Steele applied for FMLA leave to care for his wife's asthma. The CTA denied Mr. Steele's application, stating that Mr. Steele did not have the requisite number of hours to make him an "eligible employee" under the FMLA. While the FMLA leave application was pending, Mr. Steele's wife allegedly suffered from asthma attacks which required Mr. Steele to miss four days of work in April of 2006. The CTA disciplined Mr. Steele for the four absences.

## DISCUSSION

In reviewing a 12(b)(6) motion to dismiss, the court will view all facts in the light most favorable to the plaintiff, and a complaint will not be dismissed unless it is clear that the plaintiff cannot prove facts consistent with its allegations that would entitle it to relief. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999).

In order to state a claim against an entity under the FMLA, a plaintiff must be an "eligible employee." An eligible employee is an employee who has been employed for at least 12 months by the employer, and has been employed for at least 1,250 "hours of service" with that employer during the previous 12-month period. 29 U.S.C. § 2611 (1993). The FMLA does not precisely define the term "hours of service," but directs litigants to apply the legal standards of § 207 of the Fair Labor Standards Act ("FLSA") in order to ascertain whether or not an employee met the hours of service requirement. *Id.* Under § 207 of FLSA, the "regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e).

If Mr. Steele had not been discharged, he would have worked the requisite number of hours to be an eligible employee under the FMLA. Mr. Steele was discharged from his full-time position on February 10, 2005. He was then reinstated and returned to his former position on November 18, 2005. If Mr. Steele had been working full-time during that period, he would have worked for forty-one weeks. By working forty hours a week, Mr. Steele would have worked 1,640 hours. Even if vacation, absences and holidays were deducted from that figure, Mr. Steele still would have worked the minimum 1,250 hours required to be an eligible employee under the FMLA.

3

In *Ricco v. Potter*, 377 F.3d 599 (6th Cir. 2004), an employee of the United States Postal Service who was discharged initiated an arbitration to dispute her discharge. *Id.* at 601. The arbitrator ordered that the employee's discharge be converted to a thirty-day work suspension and that she be reinstated and made whole. *Id.* A couple of months later, the employee began suffering from depression and migraine headaches. *Id.* Her employer denied her request for FMLA leave because she had not met the hours for service requirement under the act. *Id.*

In *Ricco,* the plaintiff argued that neither the FMLA nor the FLSA specifically define the term "hours of service" as required to define an eligible employee under the FMLA. *Id.* at 603. Section 7 of the FLSA defines only a "regular rate of compensation," to determine an employee's over-time compensation. *Id.* at 605. The "regular rate of compensation" excluded payment for occasional periods in which no work is performed due to certain causes. *Id.* at 604. Under FLSA, an employee's regular rate of compensation does not include, among other things:

> payments made for occasional periods where no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work or other similar cause…and other similar payments to an employee which are not made as compensation for his hours of employment.

*Id.* at 604, citing 29 U.S.C. § 207(e). The plaintiff argued that because "hours of service" was never defined, the term should include hours that an employee is deemed to have worked pursuant to a make-whole award from an arbitrator. *Id.* at 603. The Sixth Circuit agreed and held that the time that an employee would have worked but for her unlawful termination is not an "or other similar cause" within the meaning of § 207 of the FLSA, and thus could be included in the definition of "hours of service" under the FMLA. *Id.* at 605. The court reasoned,

> the goal of a make-whole award is to put the employee in the same position that she would have been in had her employer not engaged in the unlawful conduct, this includes giving the employee credit towards the FMLA's hours-of-service requirement for hours that the employee would have worked but for her unlawful termination.

4

*Id.*

The allegations set forth in Mr. Steele's case are substantially similar to the allegations of the plaintiff in *Ricco v. Potter*. If the CTA had credited Mr. Steele with the hours he would have worked while he was discharged, Mr. Steele would have met the hours requirement of the FMLA and would have been an eligible employee under the FMLA. Thus, we consider Mr. Steele as being an FMLA eligible employee at the time he requested coverage under the act in April, 2006.

In support of its motion to dismiss, the CTA cites *Plumley v. Southern Container*, 303 F.3d 364 (1st Cir. 2002). In that case, an employee who was also wrongfully discharged and awarded back pay by an arbitrator, sued his employer for violations of the FMLA. *Id.* at 367-368. The court reasoned that (1) Congress knowingly and explicitly defined the "regular rate of employment" in the FLMA to include "all remuneration for employment paid to, or on behalf of, the employee;" (2) Congress knew the definition of "employ" and that employees are eligible under the FMLA for "only those hours that an employer suffers or permits an employee to do work;" and (3) any back pay hours that were credited as a result of arbitration were an "other similar cause" as specified in § 207 of the FLSA (see above), as they were not hours that the employee actually worked. *Id.* at 369-370. As a result, the court held that the hours in the arbitral award would not be applied to the plaintiff in determining whether he was an eligible employee under the FMLA. *Id.* at 372.

We respectfully disagree with the holding in *Plumley* and find its reasoning unpersuasive. Although Congress knew the definition of "employ" when crafting the FMLA, it also knew the definition of "compensation" in determining the definition of "regular rate of compensation." An employee who is awarded back pay from an arbitrator for a wrongful discharge is being compensated.

5

## CONCLUSION

The allegations set forth in Mr. Steele's complaint place him within the category of "qualified employee" under the FMLA. Therefore, the CTA's motion to dismiss [24] Mr. Robert Steele's complaint is denied.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: March 9, 2007